UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELA DILWORTH, on behalf of herself and others similarly situated,<br><br>   Plaintiff,<br>v.<br><br>BLUE CROSS AND BLUE SHIELD OF ILLINOIS, A DIVISION OF HEALTH CARE SERVICE CORPORATION, A MUTUAL LEGAL RESERVE COMPANY,<br><br>   Defendant. | Case No. 1:18-cv-3732<br><br>**JURY DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Angela Dilworth ("Plaintiff"), individually and on behalf of others similarly situated, alleges the following against Blue Cross and Blue Shield of Illinois, a division of Health Care Service Corporation, a Mutual Legal Reserve Company ("Blue Cross" or "Defendant").

**SUMMARY OF THE ACTION**

1. Defendant caused multiple telemarketing calls to be made using an automatic telephone dialing system ("ATDS") to Plaintiff's cellular phone. Plaintiff never consented to receive these calls, and Defendant failed to honor her request to be placed on Defendant's do-not-call list.

2. Plaintiff brings this class action for damages and other equitable and legal remedies resulting from Defendant's violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

1

## PARTIES

3. Defendant Blue Cross maintains its principal place of business in Chicago, Illinois.

4. Plaintiff Angela Dilworth resides in Hillside, Illinois.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's claims under the TCPA, 47 U.S.C. § 227, *et seq*.

6. This Court has personal jurisdiction over Defendant because its principal place of business is within this District, and it has sufficient minimum contacts in Illinois to render the exercise of jurisdiction by this Court proper and necessary.

7. Venue is likewise proper in this District under 28 U.S.C. § 1391(b) because Defendant's principal place of business is within this District.

## FACTUAL ALLEGATIONS

**A.  Defendant Caused Autodialed Calls to be Made to the Cellular Phones of Plaintiff and Other Consumers, Without Their Prior Express Consent**

8. Defendant or an agent acting on its behalf called Plaintiff on numerous occasions. For example, in the last three months, Plaintiff received calls from the following phone numbers: (240) 318-9685, (725) 201-0048, (253) 236-2595, (908) 308-1263, (929) 207-0908.

9. Plaintiff received each of these calls on her cellular phone, which uses a 708 (Illinois) area code. The calls all transmitted the same message using an artificial or prerecorded voice:

> Hello, this is a contracted general agency for Blue Cross Blue Shield calling to inform you of our new low cost high quality health plans. Press "1" and act now to speak with a Blue Cross agent. To stop further notices Press "2" to be placed on the do-not-call list.

10. These messages do not provide a telephone number or address at which Defendant may be contacted.

11. Plaintiff received other similar calls from Defendant or its agent outside of this five-month period.

12. Plaintiff pressed 2 to be placed on the Do Not Call list, but continued to receive these calls. Defendant's use of different phone numbers makes it impossible for Plaintiff to block these calls.

13. Plaintiff did not provide her cellular phone number to Defendant and did not consent to receive these calls.

14. Other consumers report that they have received similar calls.[1] Consumers who pressed 1 in response to these calls were connected to Blue Cross insurance salesmen.[2] Even if Blue Cross did not initiate these calls, consumers who answered the calls were routed directly to Blue Cross.

15. Defendant is aware of the TCPA's prohibitions against the use of automatic dialing systems and the use of artificial or prerecorded voices to make calls to cellular phones without the prior express consent of the called party. Defendant intentionally or willfully caused autodialed, telemarketing calls to be made to the cellular phones of Plaintiff and other consumers without their prior express written consent.

---

[1] *E.g.*, https://whocallsme.com/Phone-Number.aspx/2403189685 (last visited May 11, 2018); https://800notes.com/Phone.aspx/1-725-201-0048 (last visited May 11, 2018); https://800notes.com/Phone.aspx/1-929-207-0908 (last visited May 11, 2018); *See also* https://800notes.com/Phone.aspx/1-501-904-8917 (last visited May 17, 2018); https://www.everycaller.com/phone-number/1-520-214-9608/ (last visited May 17, 2018); https://800notes.com/Phone.aspx/1-314-230-1856 (last visited May 17, 2018).
[2] https://whocallsme.com/Phone-Number.aspx/2403189685 (last visited May 17, 2018).

### B. Defendant Used an Automatic Telephone Dialing System

16. Defendant or its agent called Plaintiff on her cellular phone using an ATDS, as evidenced by the awkward pacing and intonation of Defendant's message, which audibly differs from a live human voice. In addition, the message instructed called parties to "press 1" or "press 2"—a response that would be meaningful to an ATDS, but not a human caller.

17. Plaintiff received calls from Defendant in which there was a time interval before the prerecorded or artificial voice joined the line, which is characteristic of an automated dialer.

18. With 8.1 million members, Defendant is the largest health insurance company in Illinois.[3] The scale of Defendant's business requires a sophisticated phone system capable of storing phone numbers and dialing them automatically.

19. The equipment used to call Plaintiff and others not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, but was programmed to sequentially or randomly access stored telephone numbers to automatically call such numbers for the calls that are the subject of this case. The calls were made with equipment capable of dialing numerous phone numbers in a short period of time without human intervention.

### C. Defendant's Violations of the TCPA Harmed Plaintiff

20. Plaintiff carries her cellular phone with her at most times so she can be available to family, friends, and her employer.

21. Defendant's repeated calls invaded Plaintiff's privacy and intruded upon her right to seclusion. The calls frustrated and upset Plaintiff by constantly interrupting her daily life and

---

[3] https://www.bcbsil.com/company-info/who-we-are (last visited May 11, 2018).

wasted her time by requiring Plaintiff to retrieve and administer messages left by Defendant's calls.

22. Defendant's calls intruded upon and occupied the capacity of Plaintiff's cellular phone and depleted the battery of Plaintiff's cellular phone. The calls temporarily seized and trespassed upon Plaintiff's use of her cellular phone, and caused her to divert attention away from other activities to address the calls. The clutter of Defendant's calls also impaired the usefulness of the call log feature of Plaintiff's cellular phone.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this lawsuit under Federal Rules of Civil Procedure Rules 23(a), (b)(2), and (b)(3) as a representative of the following two classes:

> Autodialer Class: All persons within the United States who (i) received any telephone call from Defendant or some agent acting on its behalf; (ii) to said person's cellular telephone; (iii) through the use of an automatic telephone dialing system and/or with an artificial or prerecorded voice; (iii) which call was not made with the recipient's prior express written consent; and (iv) which call was made for the purpose of encouraging the purchase of goods or services.
>
> Internal Do Not Call Class: All persons who (i) received two or more calls within twelve months of each other; (ii) from or on behalf of Defendant, (ii) which calls were made for the purpose of encouraging the purchase of goods or services.

24. Excluded from the Classes are Defendant, its employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their respective court staff, and the parties' counsel in this litigation. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class; it does not seek recovery for personal injury and

claims related thereto. On information and belief, members of the above-defined Class can be identified through Defendant's records.

25. **Numerosity**. The exact size of the class is information within the exclusive knowledge of Defendant, but Plaintiff believes there are at least thousands of Class members. This allegation is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. This allegation is based on the following information: (1) Defendant provides services to over 8 million members; (2) the purpose of automated dialers is to call numerous persons in a short amount of time; and (3) other consumers have lodged complaints online about unwanted calls received from Defendant or its agent.[4]

26. The alleged size and geographic dispersal of the Class makes joinder of all Class members impracticable.

27. **Commonality and Predominance**. Common questions of law and fact exist with regard to each of the claims and predominate over questions affecting only individual Class members. Questions common to the Class include:

(a) Whether Defendant's (or its agent's) dialing system(s) constitute an automatic telephone dialing system under the TCPA and/or the FCC's rules;

(b) Whether Defendant or its agent used an automatic telephone dialing system to place telemarketing calls on the cellular telephones of Plaintiff and Class members without their prior express written consent;

---

[4] *E.g.*, https://whocallsme.com/Phone-Number.aspx/2403189685 (last visited May 11, 2018); https://800notes.com/Phone.aspx/1-725-201-0048 (last visited May 11, 2018); https://800notes.com/Phone.aspx/1-929-207-0908 (last visited May 11, 2018); https://800notes.com/Phone.aspx/1-501-904-8917 (last visited May 17, 2018); https://www.everycaller.com/phone-number/1-520-214-9608/ (last visited May 17, 2018); https://800notes.com/Phone.aspx/1-314-230-1856 (last visited May 17, 2018).

(c) Whether Defendant or its agent used an artificial or prerecorded voice in connection with the placement of non-emergency calls on the cellular telephones of Plaintiff and Class members without their prior express consent;

(d) Whether Defendant's internal do not call compliance mechanisms, if any, comply with 47 C.F.R. § 64.1200(d);

(e) Whether Defendant's telephone calls were made knowingly or willfully;

(f) Whether Plaintiff and Class members were damaged by receiving such calls, and the extent of those damages; and

(g) Whether Defendant should be enjoined from engaging in such conduct in the future.

28. **Typicality**. Plaintiff's claims are typical of the claims of the Class, in that Plaintiff, like all Class members, has been injured by Defendant's uniform misconduct—(i) the placement of telemarketing calls on cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice without prior express written consent; and (ii) the placement of telemarketing calls without instituting procedures that meet the minimum standards for maintaining an internal do not call list.

29. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the Class and is committed to the vigorous prosecution of this action. Plaintiff has retained counsel experienced in complex consumer class action litigation and matters involving TCPA violations.

30. **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and because of Defendant's

financial resources, class members are unlikely to pursue legal redress individually for the violations detailed in this complaint. Class-wide damages are essential to induce Defendant to comply with Federal law. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings. By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

31. Class certification is also appropriate under Rule 23(b)(2) because Defendant has acted and refused to act on grounds that apply generally to the Class such that final injunctive and/or declaratory relief is warranted with respect to the Class as a whole.

**FIRST CLAIM FOR RELIEF**
**Negligent Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227, *et seq***
**(On Behalf of the Autodialer Class)**

32. Plaintiff incorporates the above allegations by reference.

33. Defendant or its agent used an automatic telephone-dialing system and/or an artificial or prerecorded voice to make non-emergency calls to the cellular telephones of Plaintiff and Class members, without their prior express consent.

34. The foregoing acts and omissions constitute negligent violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii) and 64.1200(a)(2).

35. Under 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged negligent violations of the TCPA, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call placed in violation of the TCPA.

36. Plaintiff and Class members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

**SECOND CLAIM FOR RELIEF**
**Knowing or Willful Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227, *et seq***
**(On Behalf of the Autodialer Class)**

37. Plaintiff incorporates the above allegations by reference.

38. Defendant or its agent used an automatic telephone-dialing system and/or an artificial or prerecorded voice to make non-emergency calls to the cellular telephones of Plaintiff and Class members, without their prior express consent.

39. The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii) and 64.1200(a)(2).

40. Pursuant to 47 U.S.C. § 227(b)(3)(C), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff and Class Members are entitled to an award of $1,500.00 in statutory damages for each and every call placed in violation of the statute.

**THIRD CLAIM FOR RELIEF**
**"Internal Do Not Call" Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §§ 227, *et seq***
**(On Behalf of the Internal Do Not Call Class)**

41. Plaintiff incorporates the above allegations by reference

42. Defendant or it's agent made two or more telemarketing calls within twelve months of each other to Plaintiff and Class members without instituting procedures that meet the

minimum standards of 47 C.F.R. § 64.1200(d). Specifically, Defendant's telemarketing calls did not provide the called party with a telephone number or address at which Defendant may be contacted; and Defendant did not honor the called parties' requests to not receive such calls.

43. Pursuant to 47 U.S.C. § 227(c)(5)(B), and as a result of the alleged violations of the TCPA, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each violation. Pursuant to 47 U.S.C. § 227(c)(5)(C), Plaintiff and Class members are entitled to treble damages for each knowing or willful violation.

44. Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes defined above, respectfully requests that this Court:

(a) Determine that the claims alleged herein may be maintained as a class action under Federal Rule of Civil Procedure 23, and issue an order certifying the classes defined above and appointing Plaintiff as the Class representative;

(b) Award $500 in statutory damages for each and every call that Defendant negligently placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

(c) Award $1,500 in statutory damages for each and every call that Defendant willfully or knowingly placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

(d) Award $500 in statutory damages for each and every call that Defendant negligently placed in violation of 47 U.S.C. § 227(c)(5) of the TCPA;

(e) Award $1,500 in statutory damages for each and every call that Defendant willfully or knowingly placed in violation of 47 U.S.C. § 227(c)(5) of the TCPA;

10

(f) Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring Defendant to implement measures to stop future violations of the TCPA; and

(g) Grant such further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: May 29, 2018             Respectfully submitted,

                                       */s/ James B. Zouras*
                                       James B. Zouras
                                       Ryan F. Stephan
                                       STEPHAN ZOURAS, LLP
                                       205 N. Michigan Avenue, Suite 2560
                                       Chicago, IL 60601
                                       Tel: (312) 233-1550
                                       jzouras@stephanzouras.com
                                       rstephan@stephanzouras.com

                                       Daniel C. Girard (ID No. 114826)
                                       Simon S. Grille (*pro hac vice* forthcoming)
                                       **GIRARD GIBBS LLP**
                                       601 California Street, 14th Floor
                                       San Francisco, California 94108
                                       Tel: (415) 981-4800
                                       dcg@girardgibbs.com
                                       sg@girardgibbs.com

                                       *Counsel for Plaintiff and the Proposed Class*